IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-96-DWD |
| | ) |
| FRANK LAWRENCE, | ) |
| M. SIDDIQUI, and | ) |
| NURSE REVA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff Darrian Daniels' Motion for Leave to Amend Complaint (Doc. 29). Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"). Defendants did not file a response to the Motion[1]. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was denied medical treatment for his hearing loss. Following an initial screening of the Complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claim:

> **Count 1**: Eighth Amendment claim against Lawrence, Reva and Siddiqui for deliberate indifference to a serious medical need for failing to treat his deafness.

(Doc. 7). Pursuant to the Initial Scheduling and Discovery Order, Plaintiff had until September 22, 2020 to file a motion for leave to amend the Complaint to include any

---

[1] Local Rule 7.1 permits the Court, in its discretion, to consider Defendants' failure to file a response to the Motion as an admission of the Motion's merits.

1

additional claims or parties (Doc. 28).  Plaintiff timely filed his Motion for Leave to File Amended Complaint on July 15, 2020 (Doc. 29).

## Amended Complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires.  As Defendants have filed responsive pleadings in this matter, Plaintiff must seek to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave."  The decision to grant leave to further amend a complaint under Rule 15(a)(2) is within the sound discretion of the Court.  *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008).  The Amended Complaint is also subject to review under 28 U.S.C. § 1915A[2], therefore, the Court will screen the proposed Amended Complaint in accordance with this statute while considering Plaintiff's Motion.

In his Amended Complaint, Plaintiff maintains his claims against the previously identified defendants (Lawrence, Siddiqui, and Reva), and further asserts separate claims against additional individuals, Lieutenant John Koch and ADA disability coordinator, Dr. Skidmore.  The factual allegations offered in support of these claims are substantially the same as those Plaintiff set forth in the original Complaint (Doc. 6; Doc. 7).  Plaintiff still alleges that he was denied adequate and timely medical care for his hearing loss.  Plaintiff also details events that have occurred following the filing of his original

---

[2] Pursuant to Section 1915A, any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

Complaint. Specifically, Plaintiff states that he sent at least three letters to Dr. Skidmore requesting ADA disability accommodations and testing for his hearing loss, all of which were ignored. Dr. Skidmore further failed to finalize a treatment plan for Plaintiff after Plaintiff failed his hearing test in February 2020. Without a treatment plan, Plaintiff was unable to see an audiologist, was denied ADA disability accommodations, and prison staff was not notified of Plaintiff's deafness.

As a result of prison staff being unaware of Plaintiff's deafness, in April 2020, Lieutenant John Koch sprayed mace in Plaintiff's face, eyes, and ears, for alleged insubordination. Plaintiff claims that he told Koch that he was deaf and unable to hear his instructions to abide by them; however, Koch still sprayed him with mace, and then extracted Plaintiff from his cell. The mace exaggerated Plaintiff's hearing loss. Further, following the extraction, Plaintiff states that he was stripped of his property (specifically, soap, toothpaste, shoes, bed, clothes, and legal property). Following this incident, Plaintiff was also issued a disciplinary report for insubordination, and served three months in segregation.

Consistent with the characterizations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

**Count 1**: Eighth Amendment claim against Lawrence, Reva, Siddiqui, Skidmore, and Koch for deliberate indifference to a serious medical need for failing to treat his deafness.

**Count 2**: Eighth Amendment claim against Koch for excessive force and mistreatment related to Koch spraying Plaintiff with mace in April 2020.

**Count 3**: Eighth and Fourteenth Amendment claims against Koch

3

>for filing a disciplinary report for insubordination in April 2020, and the resulting conditions of Plaintiff's confinement in segregation.

**Count 4**: Claim of lost personal property following Plaintiff's cell extraction in April 2020.

Any other claim that is mentioned in the Amended Complaint, but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]

### Discussion

The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). Leave to amend may be denied for several reasons, including undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and the futility of the amendment. *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 697 (7th Cir. 2004); *Guise v. BWM Mort., LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's Motion is not unduly delayed or brought with any apparent dilatory motive. Moreover, Plaintiff's allegations are sufficient to state Eighth Amendment claims against Lawrence, Reva, Siddiqui, Skidmore, and Koch. For these reasons, Plaintiff's

---

[3]*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

Motion to Amend is **GRANTED**. Plaintiff shall now proceed on the Amended Count 1 and Count 2, which survive screening. Counts 3 and 4 will be dismissed without prejudice for failing to state viable claims.

Amended Count 1 survives screening, just as Count 1 did in the original merit review order (Doc. 7). Although Plaintiff does not allege that Koch is a medical provider, prison officers can still be deliberately indifferent to an inmate's medical needs when they intentionally delay or deny access to care or if they interfere with prescribed treatment, or when they know of a serious medical condition but still put the inmate at a serious risk of being harmed. *See Board v. Farnham*, 394 F.3d 469, 485 (7th Cir. 2005) (guards could be held liable for deliberate indifference to inmate's medical needs by failing to give inmate inhaler when it was known he suffered from asthma); *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2020) (deliberate indifference extends to guards who intentionally delay or deny access to medical care or who intentionally interfere with a prisoner's prescribed treatment). Plaintiff has therefore alleged a plausible claim for deliberate indifference against Lawrence, Reva, Siddiqui, Skidmore, and Koch.

Count 2 also survives screening. A prison official inflicts cruel and unusual punishment on an inmate, in violation of the Eighth Amendment, when the official intentionally uses excessive force against an inmate without penological justification. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010); *Hudson v. McMillian*, 503 U.S. 1 (1992). In order to prevail on an excessive force claim, an inmate must demonstrate that the force used by the defendant was not applied in a good-faith effort to maintain or restore discipline, but, rather, was applied maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 7.

Plaintiff alleges that Koch sprayed mace in his face, eyes, and ears after Plaintiff expressly told him that he was deaf and could not hear Koch's instructions. Plaintiff claims this further exaggerated his existing hearing loss. Plaintiff has therefore adequately stated a claim for excessive force and Count 2 will proceed against Koch.

Count 3 will be dismissed without prejudice. Plaintiff's due process claim related to the April 2020 disciplinary report is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that a prisoner cannot maintain a civil rights suit if a judgment in his favor would necessarily imply that his conviction was invalid. *Heck*, 512 U.S. at 487; s*ee also Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) ("*Heck* forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case."). Instead, before bringing a civil rights suit, the conviction must first be invalidated or overturned. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Here, Plaintiff directly attacks the validity of his disciplinary conviction by arguing that he cannot be punished for his disability. However, Plaintiff has not sought to invalidate or overturn this disciplinary report. Instead, the final summary report attached to Plaintiff's Amended Complaint indicates that Plaintiff refused to appear before the disciplinary committee to present any defense on his behalf. Therefore, if Plaintiff prevails on his denial of due process claim as currently presented it will challenge the finding in Plaintiff's disciplinary report that Plaintiff was insubordinate. As such, Plaintiff's due process claim is barred under *Heck*.

Further, Plaintiff's Eight Amendment claim related to his time in segregation (served pursuant to the disciplinary conviction) is deficient. The Eighth Amendment requires prison officials to house inmates under humane conditions and to provide them with adequate food and water, among other basic needs. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, Plaintiff does not provide any specific factual allegations related to the allegedly deficient conditions. Nor does Plaintiff offer any details to conclude that defendants knew about these conditions and the risk they posed to Plaintiff in segregation. Plaintiff has therefore failed to adequately support this claim, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Count 3 is therefore **DISMISSED, without prejudice**.

Count 4 will also be dismissed. Plaintiff alleges that his property was improperly taken after he was removed from his cell by Koch in April 2020. Illinois state law provides an adequate post-deprivation remedy for Plaintiff's claims for lost or damaged property. *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993) (inmate had adequate post-deprivation remedy through the Illinois Court of Claims for lost and destroyed materials, including legal papers, confiscated during shakedown). Plaintiff is therefore required to pursue his claims for lost or damaged property in the Illinois Court of Claims. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Accordingly, Count 4 is **DISMISSED without prejudice**.

## Other Pending Motions

The following motions are also pending before the Court:

- Plaintiff's **Amended Motion for Protective Order and Injunctive Relief** (Doc. 26) filed on April 28, 2020;

- Defendants Lawrence and Reva's **Motion for Summary Judgment** (Doc. 36) filed on August 24, 2020;

- Plaintiff's **Motion for Temporary Restraining Order and Preliminary Injunction** (Doc. 39) filed on August 26, 2020;

- Defendant Siddiqui's **Motion for Summary Judgment** (Doc. 45) filed on September 23, 2020; and

- Plaintiff's **Motion for Status** (Doc. 54) filed on December 1, 2020.

The Court has reviewed the above Motions and all responses and replies. Plaintiff's motions for injunctive relief (Doc. 26; Doc. 39) remain under advisement.

Defendants' respective motions for summary judgment (Doc. 36; Doc. 45) on the issue of Plaintiff's exhaustion of administrative remedies, will be **DENIED, as moot**. Considering this Order and Plaintiff's Amended Complaint, the motions are no longer directed at the operative complaint in this matter and must be denied.  However, the denials will be without prejudice to Defendants re-filing the motions on or before the newly imposed summary judgment deadline, as will be set forth below.

Plaintiff's Motion for Status (Doc. 54) will be **GRANTED**, and Plaintiff's case will continue consistent with the disposition and details set forth in this Order.

## Disposition

Pursuant to Rule 15, and after review of the proposed Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to Amend

8

Complaint (Doc. 29). The Clerk is **DIRECTED** to file the Amended Complaint submitted to the Court on July 15, 2020, and to add Lieutenant John Koch and Dr. Skidmore to the docket as defendants. Counts 1 and 2 of the Amended Complaint survive initial screening. Counts 3 and 4 of the Amended Complaint are hereby **DISMISSED without prejudice**. The parties shall use these designations in all future pleadings and orders, unless otherwise directed by the Court.

The Clerk of Court shall further prepare for Defendants **Koch** and **Skidmore**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, the original Merit Review Order (Doc. 7), and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff. Defendants are **ORDERED** to timely file an appropriate responsive pleading to this Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 7) and in this Merit Review Order. Defendants are ADVISED that the Court does not accept piecemeal answers**.

Defendants are **ORDERED** to file a **Motion for Summary Judgment** on the issue of Exhaustion of Administrative Remedies, if at all, within sixty (60) days of answering the Amended Complaint. **If Defendants decide prior to this date that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

Further, the Motions for Summary Judgment filed by Defendants Lawrence and Reva (Doc. 36) and Defendant Siddiqui (Doc. 45) are **DENIED as moot**, without prejudice to Defendants refiling the motions on or before the newly imposed summary judgment deadline. Plaintiff's Motion for Status (Doc. 54) is **GRANTED**.

**SO ORDERED.**

Dated: February 23, 2021

_____
DAVID W. DUGAN
United States District Judge