IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-96-DWD |
| | ) |
| FRANK LAWRENCE, | ) |
| M. SIDDIQUI, | ) |
| NURSE REVA, | ) |
| DR. SKIDMORE,  and | ) |
| JOHN KOCH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this 42 U.S.C. § 1983 action for deprivations of his Eighth Amendment rights related to his requests to be treated for his hearing loss and to receive ADA disability or other accommodations.  Now before the Court are Plaintiff's Motions (Doc. 26; Doc. 39) for injunctive relief filed on April 18, 2020 and August 26, 2020.  Plaintiff requests to be transferred to a facility that "know [sic] how to handle deaf inmates", to receive treatment for his hearing loss, for Defendants to have no contact with Plaintiff, and to receive ADA disability accommodations for his hearing loss (Doc. 26; Doc. 39).

Defendants did not respond to Plaintiff's April 18, 2020 Motion[1], but Defendants Lawrence, Siddiqui, and Reva filed responses to the August 26, 2020 Motion (Doc. 42;

---

[1] At the time of filing his Motions, Plaintiff had not yet obtained leave to amend his complaint to proceed against Defendants Skidmore and Koch.  As for the remaining Defendants, Defendant

1

Doc. 48). Defendant Lawrence also filed a supplement in opposition to the August 26, 2020 Motion (Doc. 50) to which Plaintiff responded (Doc. 52; Doc. 53; Doc. 55). As further delineated below, Plaintiff's Motions (Doc. 26; Doc. 39) will be **DENIED without prejudice**.

## Background

Plaintiff requests that this Court enter an order mandating that Defendants provide Plaintiff with treatment and ADA disability accommodations for his hearing loss, in addition to having Plaintiff transferred to a different prison that has specialization in housing inmates with hearing loss or deafness, while also preventing Defendants from having contact with Plaintiff (Doc. 26; Doc. 39). In support of this request, Plaintiff articulates many of the same factual allegations as are contained in his Amended Complaint. Relevant here, Plaintiff states that he is deaf in his right ear following a stabbing incident that occurred in 2012 and which is not at issue in this case. *See Daniels v. Mitchell et al* (S.D. Ill. Case No. 13-cv-609) (judgment entered in Plaintiff's favor). Plaintiff is also partially deaf in his left ear.

Plaintiff claims that Defendants continue to refuse him treatment for his hearing loss and have failed to provide Plaintiff with ADA disability accommodations, such as hearing aids. Plaintiff argues that the lack of accommodations makes Plaintiff's day to day living environment difficult because he cannot hear instructions, cannot interact with

---

Lawrence's counsel represented that no response was filed to Plaintiff's April 18th motion because counsel was waiting to receive a signed release for Plaintiff's medical records (Doc. 42, pp. 1-2). A HIPAA Qualified Protective Order was entered on August 17, 2020 (Doc. 31), and Plaintiff filed his second Motion for injunctive relief on August 26, 2020 (Doc. 39).

others, cannot communicate via telephone, and has been unable to participate in his court proceedings. Plaintiff also argues that the lack of accommodations led to him being sprayed in the face with mace by Defendant Koch for alleged insubordination, and that the mace further exaggerated his hearing loss.

In response, Defendants maintain that Plaintiff cannot succeed on the merits of his request for injunctive relief because (1) Plaintiff is receiving treatment for his hearing loss and (2) no medical provider has yet instructed Defendants to provide Plaintiff with any accommodations or devices for his hearing loss (Doc. 42, p. 2; Doc. 42-1; Doc. 49, p. 1). Plaintiff's medical records show various hearing assessments performed between October 2019 and February 2020 (Doc. 42; Doc. 49). In February 2020, Plaintiff was referred to an outside audiologist, however, the first available appointment Defendants secured for Plaintiff was on December 22, 2020 (Doc. 42-1; 42-2). The audiologist cancelled the December 2020 appointment and rescheduled it to an unknown date (Doc. 42-2; Doc. 50). The specific details concerning when the cancellation occurred are disputed[2], however, it is undisputed that the appointment originally scheduled for December 2020 was cancelled by the audiologist.

## Other Proceedings

Before analyzing the merits of Plaintiff's motions, the Court takes judicial notice of at least three other proceedings in this District: *Daniels v. Menard Correctional Center*, Case No. 19-cv-394-RJD, *Daniels v. Brown, et. al.*, Case No. 19-1341-SPM, and *Daniels v.*

---

[2]Defendants claim the appointment was cancelled by the audiologist in October 2020 (Doc. 42-2). However, Plaintiff states that the appointment was cancelled in December 2020, and only after Plaintiff was transported to the hospital to see the audiologist on December 22, 2020 as previously scheduled (Doc. 55).

*Schoenbeck et al*, Case No. 21-51-NJR. *See Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008) ("[A] court is of course entitled to take judicial notice of judicial proceedings.")). In referencing these proceedings, the Court is not relying on any of the findings made in the proceedings to resolve the issues currently before Court. The Court will also not take any of the facts as presented in those proceedings as true unless the facts are "not subject to reasonable dispute." *See Daniel v. Cook County*, 833 F.3d 728, 742-43 (7th Cir. 2016). However, the Court notes that these proceedings clarify two questions related to Plaintiff's motions: first, as to whether Plaintiff has been able to participate in court proceedings in this District, and second, as to when Plaintiff's audiologist appointment was rescheduled.

Plaintiff claims that without a preliminary injunction from this Court ordering ADA disability accommodations, Plaintiff will continue to be unable to participate in his various court proceedings in this District. However, the Court finds that this assertion is diminished by the Court's prior finding in this matter. *See* Order at Doc. 32 ("Plaintiff's Motion for Order is DENIED as moot. Plaintiff complains that his deafness will prevent him from participating in a hearing in one of his other cases, Daniels v. Menard, 19-cv-394-NJR-RJD. United States Magistrate Judge Reona J. Daly has already ordered an assistive listening device be provided for Plaintiff for that hearing. (19-cv-394-NJR-RJD, Doc. 58). As such, Plaintiffs [sic] Motion is moot."). Plaintiff's assertion is further weakened by orders entered in Plaintiff's other pending matters. The following excerpt is taken from the Order at Doc. 71 in Plaintiff's Case No. 19-cv-394-NJR-RJD:

4

> The Court first attempted to hold a motion hearing on July 30, 2020. At the hearing, Plaintiff appeared via video. Plaintiff was unresponsive; however, he proclaimed to the Court that he could not hear "anything," and indicated that he would need a hearing aid.
> . . .
> At the August 20, 2020 hearing, Plaintiff was again unresponsive, but indicated he would not be able to participate despite having access to an amplified phone because he could not hear and requires a hearing aid.
> . . .
> At the September 9, 2020 hearing, Plaintiff appeared via video and the Court arranged for Plaintiff to have access to real-time transcription of the proceedings. Plaintiff indicated he was able to read the real-time transcription and the Court observed no issues with this method. The Court would also be remiss in failing to note that Plaintiff frequently responded to the Court or opposing counsel's questions before the questions had been transcribed. Thus, the Court questions the genuineness of Plaintiff's contention that he is unable to hear or was otherwise unable to participate in the previous hearings the Court set for this matter.

(Case No. 19-394-RJD, Doc. 71, pp. 3-4). Further, in Case No. 19-1341, the Court granted Plaintiff's request for a real time transcription of the proceedings for an upcoming hearing scheduled for February 25, 2021 (Case No. 19-1341-SPM, Doc. 83; Doc. 84).

As for Plaintiff's appointment with the audiologist, the record before the Court in this matter reveals that Plaintiff's original appointment was cancelled and rescheduled by the audiologist (Doc. 42-2; Doc. 55). Recent documents filed in Plaintiff's other proceedings likewise confirm that the appointment was rescheduled, and further clarify that Plaintiff was actually seen by the audiologist in January 2021. *See* Case No. 19-1341-SPM, at Plaintiff's Notice filed on January 28, 2021 (Doc. 83) (stating that Plaintiff was seen by an audiologist on January 19, 2021, and that Plaintiff failed the hearing test); *in accord* Case No. 21-cv-051-NJR, at Declaration of Ronald Skidmore filed on February 19, 2021 (Doc. 17-2) (stating that Plaintiff was seen by the audiologist Dr. Dave Harris at St.

5

Louis University School of Medicine in January 2021, and that the audiologist reported that Plaintiff did not have hearing loss which required amplification).

Again, the Court does not consider the authenticity or genuineness of the statements provided in these documents and does not rely on these documents in resolving any of the issues currently before it. However, the Court notes that it is undisputed that Plaintiff's audiologist appointment was rescheduled as previously represented by the parties, and that it appears Plaintiff was evaluated by the audiologist; although the issues concerning the extent of Plaintiff's hearing loss and his need for treatment are still in dispute.

## **Legal Standard**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right") (citation omitted). To secure a preliminary injunction, Plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (these "considerations are interdependent."). The Seventh Circuit further instructs that mandatory injunctions – those that require an affirmative act by the defendant – like the one sought here, should be "cautiously viewed and sparingly issued." *Graham v. Med.*

6

*Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

In the context of prisoner litigation, there are further restrictions on the courts' remedial power, circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer*, 682 F.3d at 683; 18 U.S.C. § 3626(a)(2). This section of the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: 'prison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westefer*, 682 F.3d at 683 (citation omitted).

## Discussion

To obtain a preliminary injunction, Plaintiff must demonstrate a likelihood of success on the merits. A movant's showing of likelihood of success on the merits must be "strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (citing *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020)). This "does not mean proof by a preponderance .... [b]ut it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* As further discussed below, Plaintiff has not shown a sufficient likelihood of success on the merits as it relates to being treated for his hearing loss, receiving ADA disability accommodations, or having no contact with Defendants and transferring facilities.[3]

---

[3] However, the Court makes no indication regarding Plaintiff's likelihood of success at trial on the merits of his deliberate indifference claims regarding past deliberate indifference.

7

Plaintiff was referred to an audiologist for an examination and diagnosis of his hearing loss in February 2020.  After nearly 10-months passed, Plaintiff had still not been seen by the specialized in December 2020 (Doc. 55).  Such considerable time gap is clearly concerning, particularly because Defendants' reasons for not supplying Plaintiff with hearing assistance or other accommodations was that no doctor had yet confirmed Plaintiff's deafness or ordered such accommodations (Doc. 42-2).  Further, Plaintiff's allegations concerning his day to day living environment without hearing accommodations are significant, particularly in light of the incident with Defendant Koch resulting in Plaintiff being sprayed with mace for alleged insubordination.  However, while Plaintiff's allegations of hardship are significant, the undisputed facts currently before the Court indicate that Plaintiff is receiving some treatment for his hearing loss and is in the process of receiving an evaluation and diagnosis from a specialist whom may be able to further treat Plaintiff's hearing loss as needed (Doc. 42-2; Doc. 55).

Prison officials are generally entitled to rely on the professional judgment of medical staff unless they have a reason to believe (or actual knowledge) that such staff "are mistreating (or not treating) a prisoner."  *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008); *see also Donald v. Wexford Health Sources, Inc*., 982 F.3d 451, 458 (7th Cir. 2020) (Deliberate indifference to a serious medical need involves defendant making "a decision that represents 'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'") (citations omitted).  The facts currently before this Court indicate that Defendants are taking steps to secure Plaintiff an appointment with

8

an outside audiologist in accordance with the medical instructions of Dr. Siddiqui, and as approved by Dr. Ritz, following Plaintiff's medical examinations in February 2020 (Doc. 42; Doc. 48; Doc. 48-1). Plaintiff does not dispute these efforts (Doc. 50; Doc. 55).

Accordingly, as the specialist has not yet completed Plaintiff's evaluation and diagnosis, and has not yet determined what accommodations, if any, are necessary to treat Plaintiff's hearing loss, Defendants are entitled to rely on Plaintiff's current treatment plan, which requires that Plaintiff first be seen by an audiologist for further evaluation before issuing hearing accommodations which might not be medically necessary. Likewise, Plaintiff has not argued that the delay in seeing the audiologist is directly attributable to Defendants or that the delay is contributing to his hearing loss. Therefore, Plaintiff cannot show the relief he requests is within the control of Defendants so to be adequately redressed through their actions. *See Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002) (explaining that deliberate indifference results when delay in care is in control of the defendant or the delay further contributes to plaintiff's injuries). As such, Plaintiff cannot meet his burden to show that he has some likelihood of success on the merits as it relates to being issued ADA disability accommodations or other accommodations.

The Court is also not persuaded that the broad relief Plaintiff requests could be "narrowly drawn" within the parameters of the PLRA, even if the Court found he was entitled to injunctive relief. Plaintiff broadly requests hearing loss treatment and accommodations without identifying which specific accommodations are medically necessary. While, Plaintiff maintains that he needs hearing aids because he once

borrowed some from another inmate, at best Plaintiff's speculative course of treatment is likely underinclusive of potential treatment options that may be available to him after being seen by the outside audiologist. Moreover, the drastic remedy of transferring Plaintiff to another facility or ordering Defendants to have no contact with Defendants, is at odds with the broad discretionary authority prison officials have over their institutions. *See generally, Westefer*, 682 F.3d at 683. Therefore, the facts do not currently justify such an extraordinary step of imposing a mandatory injunction.

## Disposition

Because Plaintiff has not met his burden to show that an injunction is warranted at this time, Plaintiff's Motions (Doc. 26; Doc. 39) are **DENIED, without prejudice**. However, this does not preclude Plaintiff from filing a further motion should new facts warrant additional consideration.

**SO ORDERED.**

Dated: February 23, 2021

_____
DAVID W. DUGAN
United States District Judge