## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIAN DANIELS,                          )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )      Case No. 20-cv-96-DWD
                                          )
FRANK LAWRENCE,                           )
M. SIDDIQUI,                              )
NURSE REVA,                               )
DR. SKIDMORE, and                         )
JOHN KOCH,                                )
                                          )
            Defendants.                   )

## ORDER

**DUGAN, District Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center ("Menard"), brings this 42 U.S.C. § 1983 action for deprivations of his Eighth Amendment rights related to his requests to be treated for his hearing loss and to receive ADA disability or other accommodations.   On February 23, 2021, the Court denied Plaintiff's requests for a preliminary injunction because Plaintiff was receiving treatment for his hearing loss and was in the process of receiving an evaluation and diagnosis from an audiologist (Doc. 57). Now before the Court is Plaintiff's Motion for Reconsideration (Doc. 66).  Plaintiff asks the Court to reconsider its Order at Doc. 57 denying Plaintiff's request for a preliminary injunction.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge."). The denial of Plaintiff's Motion to Compel falls within the reach of Rule 54(b).

Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

In his Motion, Plaintiff argues that Defendants are falsifying his medical and disciplinary records (Doc. 66, p. 4).  Plaintiff further presents several new – and alarming – allegations of alleged misconduct on the part of Defendants or other IDOC employees. Such allegations include that Plaintiff is being housed in deplorable conditions in segregation and is not permitted to leave his cell, speak with his family or attorney, or

2

communicate with prison staff.  (*Id.*, pp. 4-6).  Plaintiff also states that he has "received several affidavits" stating that Defendants or some other IDOC employee are planning to "make sure I'm completely deaf after they shoot this special fluid in my ears" (*Id.* at pp. 9-10).  Plaintiff did not supply those affidavits for the Court's review.

These allegations are generally unrelated to the relief Plaintiff requested in his original motion for relief, *i.e.,* Plaintiff sought to compel ADA disability accommodations and to be transferred to a different prison (Doc. 26; Doc. 39).  Moreover, the only affidavit Plaintiff submitted with his Motion for Reconsideration is the affidavit of Defendant Ronald Skidmore (*Id.* at pp. 14-15).   In this affidavit, Defendant Skidmore states that Plaintiff was seen by Dr. Dave Harris, the Director of the Division of Audiology at St. Louis University School of Medicine in St. Louis Missouri on January 19, 2021, and after reviewing Dr. Harris' notes, Defendant Skidmore concluded that Plaintiff does not have hearing loss that requires amplification and no follow up was needed." (*Id.*).  Apart from claiming that the medical conclusions on January 1, 2021 were "a lie", Plaintiff does not refute that this examination took place.  Accordingly, Plaintiff's Motion supports the Court's February 23, 2021 Order, finding that Plaintiff was in the process of receiving treatment, or at least an evolution from a hearing specialist (Doc. 57).

Further, Plaintiff does not explain why he failed to present these arguments to the Court prior to its ruling on Plaintiff's motions for injunctive relief.  Plaintiff also fails to provide any new evidence to suggest that his hearing conditions have changed.  In sum, these new arguments are not appropriate on a motion to consider.  Nevertheless, Plaintiff has filed a new motion for preliminary injunction (*see* Doc. 67) which appear to raise the

new allegations at issue in Plaintiff's Motion for Reconsideration, and the Court will review those allegations in due course.  Plaintiff's Motion for Reconsideration (Doc. 66) is therefore **DENIED**.

   **SO ORDERED.**

   Dated:  June 17, 2021

                    _____

                    DAVID W. DUGAN
                    United States District Judge