IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-96-DWD |
| ) | |
| **FRANK LAWRENCE,** ) | |
| **M. SIDDIQUI,** ) | |
| **NURSE REVA,** ) | |
| **DR. SKIDMORE,** ) | |
| **JOHN KOCH,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

**DUGAN, District Judge:**

This matter comes before the Court for the purposes of docket control. On February 24, 2021, Plaintiff filed his Amended Complaint. All Defendants have filed Answers to the Amended Complaint (Doc. 64, Doc. 65, Doc. 93). Plaintiff has also filed a renewed Motion for Preliminary Injunction (Doc. 67) which is fully briefed (*See* Docs. 67, 71, 72, 88) and under consideration with the Court.

Further, all Defendants have filed motions for summary judgment on the issue of Plaintiff's exhaustion of administrative remedies. Two of those motions are fully briefed and under consideration with the Court. Specifically, Defendant Siddiqui filed his Motion for Summary Judgment on May 4, 2021 (Doc. 73). Plaintiff filed his response on June 11, 2021 (Doc. 89). Defendants Lawrence and Reva filed their Motion for Summary Judgment on July 9, 2021 (Doc. 95). Plaintiff filed his response on July 19, 2021 (Doc. 98).

On August 24, 2021, Defendants Koch and Skidmore filed their Motion for Summary Judgment (Doc. 100). Plaintiff has not filed a response to this Motion, but the time for doing so has not yet passed. However, on September 3, 2021, Plaintiff filed a Notice to the Court (Doc. 103). In this document, Plaintiff alleges that his personal property has been taken, and states that he will not be able to respond to the Motion for Summary Judgment filed by Koch and Skidmore on August 24, 2021 (Doc. 103). Plaintiff does not appear to be requesting any relief from the Court regarding this Notice, such as an extension of his current response deadline. However, the Court reminds Plaintiff that his deadline to file a response to Defendants' Motion for Summary Judgment is 30-days after service of Defendants' Motion, or **September 23, 2021**.

### Rule 56 Notice to Plaintiff

Plaintiff should further review the Federal Rule of Civil Procedure 56 Notice sent to Plaintiff by Defendants Koch and Skidmore (*See* Doc. 102). However, in light of Plaintiff's Notice (Doc. 103), and in an abundance of caution, the Court will also include this Rule 56 Notice language in this Order, so that Plaintiff is clearly informed of the consequences of failing to respond to a motion for summary judgment. To that end, Rule 56 provides in relevant part:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> ***

**(c) Procedures.**

**(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

***

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

Consistent with Rule 56, any factual assertion or statement made in the movant's affidavits and/or other documentary evidence may be taken as true by the Court *unless* the non-movant (Daniels) contradicts the movant with counter-affidavits and/or other
3

documentary evidence. Daniels may not rely on the allegations in the pleadings to support his claim; rather he must show by affidavit or other documentary evidence that there is a genuine dispute as to a material fact. If Daniels does not respond to the motion for summary judgment, the Court may enter judgment in favor of Defendant and this matter may be terminated. Further, the failure to file a response by the **September 23, 2021** deadline "may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c). Daniels' response to the motion remains due no later than **September 23, 2021**.

## Motion for Copies

On August 4, 2021, Plaintiff filed a Motion for Copies (Doc. 99).  By this Motion, Plaintiff requests copies of certain exhibits he previously filed in this matter.  Plaintiff represents that he wants to use these exhibits to supplement his Response to Defendant Siddiqui's Motion for Summary Judgment that was filed on July 19, 2021 (Doc. 98), and therefore asks the Court to send him copies of the same.  The Court is unable to discern from Plaintiff's descriptions the exact documents he desires copies of.  Nevertheless, the Court has identified the following documents seemingly responsive to Plaintiff's descriptions in Paragraphs 3 and 4 of his Motion.  These documents include payment authorization forms dated January 1, 2020, May 9, 2020, and May 12, 2020, which are attached as exhibits to Plaintiff's Response to Defendants' Motion for Summary Judgment dated September 21, 2020 (Doc. 44, pp. 12, 15) and Plaintiff's Response to Motion for Summary Judgment dated October 13, 2020 (Doc. 51, p. 12)

The second set of documents are related to Grievance Number 33-5-20, and are attached as exhibits to Plaintiff's Response to Defendants' Motion for Summary Judgment dated September 21, 2020 (Doc. 44, pp. 9-10, 17-20). A third set of documents contain three letters from the Administrative Review Board dated December 17, 2018, November 19, 2019, and August 3, 2020. These documents are attached to Plaintiff's Response to Motion for Summary Judgment dated June 11, 2021 (Doc. 89, pp. 9-11).

Given the vagueness of Plaintiff's request for copies, and further considering the reasons for which Plaintiff plans to use these documents, the Court **DENIES** Plaintiff's Motion for Copies (Doc. 99). Instead, the Court will review the above-identified exhibits in conjunction with Plaintiff's Response to Defendant Siddiqui's Motion for Summary Judgment at Doc. 89, and if appropriate, in ruling on Defendant's Motion (Doc. 73).

## Conclusion

In sum, Plaintiff's response to the Motion for Summary Judgment filed by Defendants Koch and Skidmore remains due no later than **September 23, 2021**. Plaintiff's Motion for Copies (Doc. 99) is **DENIED**.

**SO ORDERED.**

Dated: September 8, 2021

_____
DAVID W. DUGAN
United States District Judge