IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 20-cv-96-DWD |
| | ) |
| FRANK LAWRENCE, | ) |
| M. SIDDIQUI, | ) |
| NURSE REVA, | ) |
| DR. SKIDMORE, | ) |
| JOHN KOCH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections brings this 42 U.S.C. § 1983 action for deprivations of his Eighth Amendment rights related to his requests to be treated for his hearing loss and to receive ADA disability accommodations. Following a screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff proceeds on the following two counts:

**Count 1**: Eighth Amendment claim against Lawrence, Reva, Siddiqui, Skidmore, and Koch for deliberate indifference to a serious medical need for failing to treat his deafness.

**Count 2**: Eighth Amendment claim against Koch for excessive force and mistreatment related to Koch spraying Plaintiff with mace in April 2020.

(Doc. 56). Now before the Court is Plaintiff's renewed request for preliminary injunction (Doc. 67)

Plaintiff requests that the Court enter an order mandating that Defendants provide Plaintiff with treatment and ADA disability accommodations for his hearing loss (Doc. 67). This Court previously denied Plaintiff's requests for a temporary restraining order and preliminary injunction for the same relief (*See* Doc. 57) and Plaintiff's motion for reconsideration of that order (Doc. 92). Plaintiff argues that he is now entitled to a preliminary injunction requiring Defendants to furnish him with treatment and ADA disability accommodations for his hearing loss because new and additional facts which came to light in another proceeding in this District. Specifically, Plaintiff refers to his case in *Daniels v. Schoenbeck*, et al., Case No. 20-cv-51-NJR, which was voluntarily dismissed on May 21, 2021, but concerned Plaintiff's complaints, in part, of falsified medical records which have allegedly led to his continued placement in segregation at Menard.

Plaintiff further submitted a supplement (Doc. 109) to his Motion, which contains Plaintiff's medical records related to Plaintiff's refusal to subject to mandatory tuberculin testing. Plaintiff does not specifically indicate which of his medical records have been allegedly altered, but the Court observes that Plaintiff disputes medical conclusions from a visit he had with an audiologist in January 2021. Of relevance here is an Affidavit filed by Defendant Ronald Skidmore which was filed in his other proceeding, *see* Case No. 21-cv-051-NJR, at Doc. 17-2. This Affidavit provides that Plaintiff was seen by the audiologist Dr. Dave Harris at St. Louis University School of Medicine in January 2021, and the audiologist reported that Plaintiff did not have hearing loss which required amplification. *Id.*

The Court reviewed this Affidavit in connection with Plaintiff's prior request for injunctive relief and noted that the Affidavit corroborated Plaintiff's statement that he had been evaluated by an audiologist. This statement is still relevant here. While Plaintiff still disputes the accuracy of the audiologist's conclusion that Plaintiff can hear, it remains undisputed that Plaintiff has been evaluated by an audiologist in relation to his complaints at issue in this matter. In referencing this Affidavit, the Court is not relying on any of the findings in the Affidavit or the related proceedings to resolve the issues currently before the Court, and specifically as to whether Plaintiff is entitled to ADA accommodations. However, for the purposes of resolving Plaintiff's request for preliminary injunction, the fact that Plaintiff has been evaluated by an audiologist, is dispositive here.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right") (citation omitted). To secure a preliminary injunction, Plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (these "considerations are interdependent."). The Seventh Circuit further instructs that mandatory injunctions – those that require an affirmative act by the defendant – like the

3

one sought here, should be "cautiously viewed and sparingly issued."  *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

In the context of prisoner litigation, there are further restrictions on the courts' remedial power, circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).  Under the PLRA, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer*, 682 F.3d at 683; 18 U.S.C. § 3626(a)(2). This section of the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: 'prison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westefer*, 682 F.3d at 683 (citation omitted).

The facts currently before this Court indicate that Defendants took steps to secure Plaintiff an appointment with an outside audiologist in accordance with the medical instructions of Dr. Siddiqui, and as approved by Dr. Ritz, following Plaintiff's medical examinations in February 2020 (Doc. 42; Doc. 48; Doc. 48-1).  Plaintiff does not dispute these efforts (Doc. 50; Doc. 55; Doc. 67).  Further, Plaintiff was seen by an audiologist in January 2021, and no hearing loss was indicated which required amplification.  *See* Case No. 21-cv-051-NJR, at Doc. 17-2.  While Plaintiff clearly disputes the accuracy of the audiologist's report, apart from his general statements, Plaintiff has not otherwise presented any tangible evidence to support the issuance of a preliminary injunction here.

Prison officials are generally entitled to rely on the professional judgment of medical staff unless they have a reason to believe (or actual knowledge) that such staff

4

"are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008); *see also Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020). Accordingly, Defendants are entitled to rely on Plaintiff's current treatment plan, and Plaintiff has not met his burden to show that he has some likelihood of success on the merits as it relates to being entitled to ADA disability or other accommodations.

The Court is also not persuaded that the broad relief Plaintiff requests could be "narrowly drawn" within the parameters of the PLRA, even if the Court found he was entitled to injunctive relief. Plaintiff broadly requests hearing loss treatment and accommodations without identifying which specific accommodations are medically necessary. Therefore, the facts do not currently justify such an extraordinary step of imposing a mandatory injunction.

As such, Plaintiff's Motion for Preliminary Injunction (Doc. 67) is **DENIED, without prejudice**.

**SO ORDERED.**

Dated: February 24, 2022

DAVID W. DUGAN
United States District Judge